# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARGARET M. REED,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-13-1557-M-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DATE: September 25, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

John R. Folkerth, Jr., Esquire, and Kenneth J. Heisele, Esquire, Dayton, Ohio, for the appellant.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　At the Board's request, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) remanded this individual right of action (IRA) appeal for further proceedings before the Board. For the reasons set forth below, we REMAND this appeal to the regional office for further adjudication.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The facts of this case are set forth more fully in the Board's previous Opinion and Order. *Reed v. Department of Veterans Affairs*, [122 M.S.P.R. 165](), ¶¶ 3-11 (2015). Briefly, the Assistant Chief of Human Resources issued the appellant an admonishment for disrespectful conduct. *Id*, ¶ 4. The appellant grieved the admonishment, but her grievance was denied. *Id*., ¶¶ 4-6. The appellant then complained to the Medical Center Director that she had been admonished without due process and that the agency failed to follow the administrative grievance procedures. *Id*., ¶¶ 7-8. Approximately 1 month later, the Chief suspended the appellant for 3 days based on three complaints that he recently had received about the appellant from other agency officials. *Id*., ¶ 9.

The appellant filed a whistleblower complaint with the Office of Special Counsel (OSC). *Id*., ¶ 10. OSC closed its file without taking corrective action, and the appellant filed a Board appeal. *Id*. The administrative judge dismissed the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure. *Id*. The appellant petitioned for review, and the Board affirmed the initial decision as modified, finding that, although the appellant made a nonfrivolous allegation that she made a protected disclosure, she failed to make a nonfrivolous allegation that her disclosure was a contributing factor in a personnel action. *Id*., ¶¶ 2, 11, 15-25. The Board also found that the appellant failed to make a nonfrivolous allegation that the agency perceived her as a whistleblower. *Id*., ¶¶ 26-27.

The appellant appealed the Board's decision to the Federal Circuit. Litigation File (LF), Tab 1. After reviewing the file, the Board determined that the appellant had, in fact, made a nonfrivolous allegation that at least one of her disclosures was a contributing factor in a personnel action. LF, Tab 7 at 3. At the Board's request, with the appellant's concurrence, the court vacated the Board's Opinion and Order and remanded the appeal to the Board for further

proceedings. LF, Tabs 8-9. We, in turn, remand the appeal to the regional office for further adjudication.

## ANALYSIS

¶5     Generally, to establish jurisdiction over an IRA appeal regarding activity protected under 5 U.S.C. § 2302(b)(8), an appellant must prove that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).

¶6     The Board found in its prior Opinion and Order that the appellant made a nonfrivolous allegation that her June 22, 2012 email was a protected disclosure. *Reed*, 122 M.S.P.R. 165, ¶ 17; Initial Appeal File (IAF), Tab 4 at 3, 54 of 70. We adopt that previous finding. The Board also found that the appellant did not allege that either the Chief or the Assistant Chief were aware of this disclosure. *Reed*, 122 M.S.P.R. 165, ¶ 17. This finding, however, was incorrect. The appellant alleged that the Director sent copies of the email to the Chief and the Assistant Chief, and the record contains documentary evidence corroborating that the Chief received this email.[2] IAF, Tab 4 at 54-56 of 70; *id.* at 15, 22 of 33. We

---

[2] The appellant included an email chain in her response to the administrative judge's jurisdictional order, showing that the Chief received her June 22, 2012 email via the Director's reply to that email. IAF, Tab 4 at 54-56 of 70. The fact that this was an email chain previously escaped our attention because the appellant submitted the pages out of order. *Id*. The record does not appear to contain any documentary evidence to substantiate the appellant's allegation that the Director forwarded the June 22, 2012 email directly to the Chief and the Assistant Chief. IAF, Tab 4 at 22 of 33. On remand, the administrative judge will need to determine whether the Assistant Chief became aware of the June 22, 2012 email during the relevant time period.

find that the appellant made a nonfrivolous allegation that the Chief became aware of the June 22, 2012 email and its contents in June or July of 2012.

¶7    The Board also found in its prior Opinion and Order that the appellant failed to make a nonfrivolous allegation that her July 26, 2012 email to the Director and Chief, among others, constituted a protected disclosure or that it was a contributing factor in a personnel action.  *Reed*, 122 M.S.P.R. 165, ¶¶ 19-21. This finding, however, was inconsistent with the Board's finding, adopted above, that the June 22, 2012 email was protected because both emails pertained to the same alleged wrongdoing.  IAF, Tab 4 at 54, 56 of 70.  Given the minimal showing required to meet the nonfrivolous allegation standard, we find that the appellant has met her burden regarding this disclosure as well.  *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (observing that the appellant's burden of making a nonfrivolous allegation is low and requires only a minimally sufficient showing).  The record also shows that the Chief, if not the Assistant Chief, was aware of this email because he was one of its recipients.  IAF, Tab 4 at 56 of 70.

¶8    Next, the Board found in its prior Opinion and Order that the appellant made a nonfrivolous allegation that her August 29, 2012 meeting with the Director constituted a protected disclosure.  *Reed*, 122 M.S.P.R. 165, ¶ 23; IAF, Tab 4 at 4 of 70.  We adopt that previous finding as well.[3]  The Board further found that the appellant failed to make a nonfrivolous allegation that this disclosure was a contributing factor in a personnel action because there was no indication that either the Chief or the Assistant Chief were aware of what transpired during the meeting or of any particular disclosures that the appellant might have made.  *Reed*, 122 M.S.P.R. 165, ¶ 23.  However, in light of our

---

[3] We adopt the findings in our previous Opinion and Order regarding the remaining disclosures that the appellant identified.  They were either not properly raised before the Board, the appellant failed to make a nonfrivolous allegation that they were protected, or she failed to make a nonfrivolous allegation that they were a contributing factor in a personnel action.  *Reed*, 122 M.S.P.R. 165, ¶¶ 15-16, 18, 22, 24-25.

finding above that the appellant made a nonfrivolous allegation that the Chief was privy to her June 22, 2012 and July 26, 2012 emails, we now find that he may have been able to infer, at least generally, what transpired during the appellant's meeting with the Director. We therefore find that the appellant made a nonfrivolous allegation that the Chief was aware of any protected disclosures that the appellant made to the Director during the August 29, 2012 meeting, to the extent that those disclosures are outlined in the June 22, 2012 or July 26, 2012 emails.

¶9      Given the Chief's knowledge of the June 22, 2012 email, the July 26, 2012 email, and the appellant's August 29, 2012 meeting with the Director, we find the appellant made a nonfrivolous allegation that the disclosures were contributing factors in the four personnel actions that followed.[4] First, the appellant alleged that, on or about July 25, 2012, the Chief and the Assistant Chief threatened to discipline her for her planned meeting with the Director. IAF, Tab 4 at 6 of 70; *id.* at 15 of 33. Second, the appellant alleged that the Assistant Chief decided on August 29, 2012, not to remove the appellant's earlier admonishment from her personnel file, even though it had become eligible to be removed 2 weeks earlier. IAF, Tab 4 at 8-9 of 70; *id.* at 15 of 33. Third, the Chief proposed the appellant's 3-day suspension on October 4, 2012. IAF, Tab 5, Subtab 4C. Fourth, the Chief issued the 3-day suspension on October 29, 2012. *Id.*, Subtab 4B. These personnel actions all occurred within approximately 1 to 3 months of the appellant's disclosures. We find that the appellant has made a nonfrivolous allegation, under the knowledge/timing test, that they were contributing factors in the four personnel actions at issue. *See* 5 U.S.C. § 1221(e)(1) (an employee may demonstrate that a disclosure was a contributing factor in a personnel action by showing that the official taking the action knew of the disclosure and the action occurred within a period of time such that a reasonable person could conclude

---

[4] We adopt our findings in the previous Opinion and Order regarding the personnel actions at issue in this appeal. *Reed*, 122 M.S.P.R. 165, ¶¶ 13-14.

that the disclosure was a contributing factor); *see also Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 17 (2014) (finding that interval of approximately 4 months was sufficient to satisfy the timing prong of the knowledge/timing test).

¶10     For these reasons, we find that the appellant has established jurisdiction over her appeal and is entitled to the hearing that she requested.  On remand, the administrative judge should issue a new initial decision, determining whether the appellant has shown by preponderant evidence that her June 22, 2012 and July 26, 2012 emails and her August 29, 2012 meeting with the Director constituted protected disclosures, and whether the appellant has shown by preponderant evidence that these disclosures were contributing factors in the four personnel actions at issue.  If the administrative judge finds that the appellant has proven her case in chief, then she should determine whether the agency has shown by clear and convincing evidence that it would have taken these four personnel actions notwithstanding the appellant's disclosures.  *See* 5 U.S.C. § 1221(e)(1)-(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011).

## ORDER

¶11     For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.